JAMES A. SAVILLE, JR. (JS-4835)
CHRISTOPHER M. PANAGOS (CP-2199)
HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff
45 Broadway
New York, New York 10006
(212) 669-0600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
PT JAWA TIRTAMARIN,                    :
                                        Index No.:
            Plaintiff,                 :  07 CV 6837 (HB)

    - Against -                        :  PANAGOS AFFIRMATION IN
                                          SUPPORT OF ORDER
                                       :  APPOINTING PERSON TO
                                          SERVE PROCESS PURSUANT
                                       :  TO RULE 4(c)

PT PERTALAHAN ARNEBATARA NATUNA        :

            Defendants.                :
- - - - - - - - - - - - - - - - -x


    I Christopher M. Panagos, hereby affirm as follows:


    1.   I am an associate of Hill Rivkins & Hayden LLP, attorneys for Plaintiff and I am admitted to practice before this Honorable Court.


    2.   I am fully familiar with the matters set forth herein and submit this Affirmation in support of Plaintiff's

application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure for an Order appointing Robert I. Blum or other such similarly qualified persons designated by Hill Rivkins & Hayden LLP, who is over the age of 18 and not a party or attorney to this action, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of Defendant PT Pertalahan Arnebatara Natuna.

3.  Plaintiff is desirous of serving the Process of Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiff against the Defendant.

4.  To the extent the Application for an Order Appointing a Special Process Server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves only delivery of the process to the respective garnishee(s).

5. Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendant within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the process to simply name other garnishees.

I hereby affirm under the penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        July 30, 2007

_____
Christopher M. Panagos (CP-2199)