JAMES A. SAVILLE, JR. (JS-4835)
CHRISTOPHER M. PANAGOS (CP-2199)
HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff
45 Broadway
New York, New York 10006
(212) 669-0600



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
PT JAWA TIRTAMARIN,              :

           Plaintiff,     :

- Against -                       :

PT PERTALAHAN ARNEBATARA NATUNA   :

           Defendants.    :
- - - - - - - - - - - - - - - - - -x

**07 CIV 6837**

Index No.:
07 CV _____ (     )

**VERIFIED COMPLAINT**

Plaintiff, PT Jawa Tirtamarin ("Tirtamarin"), by and through its attorneys, Hill Rivkins & Hayden LLP, as and for its Verified Complaint against the above named defendant alleges upon information and belief as follows:

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for a breach of a maritime contract. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333 and, alternatively, 28 U.S.C. §1331 as this action arises under the New York Convention on the Recognition and Enforcement

of Foreign Arbitral Awards, 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

2. At and during all material times hereinafter mentioned, plaintiff Tirtamarin was and now is a foreign business entity organized and existing by virtue of foreign law with an office and place of business at Atrium Mulia Bldg., 3rd Floor, Suite 306 Jl. HR. Rasuna Said Kav. B10-11, Jakarta 12910, Indonesia.

3. At and during all material times hereinafter mentioned, defendant PT Pertalahan Arnebatara Natuna ("PAN") was and now is a foreign business entity organized and existing by virtue of foreign law with an office and place of business at Bumidaya Plaza 21st & 23rd Floor, Jalan Imam Bonjol No. 61, Jakarta 10310, Indonesia.

4. On or about October 24, 2005, PAN, as charterer, and plaintiff Tirtamarin, as owner, entered into charter party on the SUPPLYTIME form for the charter of the barge AWB SARKU SAMUDERA. A true and accurate copy of the AWB SARKU SAMUDERA charter party dated October 24, 2005, is attached hereto as Exhibit 1.

5. Box 33 of the charter party provided:

> The Charter Party shall be governed by Singapore law and any dispute arising out of this Charter shall be referred to arbitration in Singapore.

6. Disputes arose under the subject charter party regarding, inter alia, amounts due and owing for daily hire for the period of November 9, 2005 to November 24, 2005, catering charges on board the vessel, demobilization charges, telephone and communications charges, charges for permits, overtime charges, fuel refunds, costs incurred by the vessel's agents, overtime expenses for crane operator, and miscellaneous expenses. Thereafter, in accordance with clause 33 of the Charter Party, the disputes were submitted to arbitration in Singapore. Despite appointing counsel, defendant PAN failed to timely respond to the demand for arbitration and the arbitrator's directives.

7. After due consideration, the sole arbitrator appointed by the Singapore International Arbitration Centre, Toh Kian Sing, SC, issued an Award dated July 13, 2007 in favor of Tirtamarin. The Award entered in favor of Tirtamarin in the principal amounts of US $815,548.16 and RP 26,015,100 (US $2,872.07), plus interest on the principal amount at a rate of 6% p.a. from May 11, 2007, today totaling US $59,464.40, and costs in the amount of S 24,967.52 (US $16,588.60) and S

16,000.00 (US $10,630.50). The total sum, inclusive of interest, is today calculated at US $905,103.73. A true and accurate copy of the Award is attached hereto as Exhibit 2.

8. Despite due demand, the amounts awarded to Tirtamarin remain due and outstanding and interest continues to accrue.

9. This action is brought to obtain jurisdiction over defendant PAN to enforce the arbitration Award rendered in Singapore as well as to obtain security.

10. After investigation, defendant PAN cannot be "found" in this District for purposes of and as delineated in Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Plaintiff is informed that defendant PAN has, or will shortly have, assets within this District, including but not limited to, cash, funds, escrow funds, credits, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and sub-charter hire, at or being transferred and/or wired to, from or through:

JPMorgan Chase Bank NA, Citibank NA, American Express Bank Ltd., Bank of America, Bank of New York, Deutsche Bank, HSBC, BNP Paribas, Wachovia Bank NA, ABN Amro, Atlantic Bank of NY, Standard Chartered Bank, Bank of Communications, The Bank of

East Asia (USA) NY, Bank of China, Shanghai Commercial Bank Ltd., Bank of Tokyo-Mitsubishi, Bank of India, Barclays Bank, Calyon, Credit Suisse, Rabobank, Wells Fargo Bank, US Bank, UBS, Nordea Bank Finland PLC,

and/or other garnishees as further investigation may uncover.

11. The total amount sought to be attached by Tirtamarin pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims is **$905,103.73**, plus interest and costs, calculated as follows:

(i) Final Award in the amount of US $818,420.23 plus interest at 6% accruing from May 11, 2006 in the amount of US $59,464.40 as of July 26, 2007 for a total due and owing of **$877,884.63**.

(ii) Award of Assessed Costs in the amounts of S 24,967.52 (US $16,588.60) and S 16,000.00 (US $10,630.50) for a total due and owing of **$27,219.10**.

**W H E R E F O R E**, plaintiff PT Jawa Tirtamarin, prays:

1. That process in due form of law according to the practice of this Court may issue against defendant PT Pertalahan Arnebatara Natuna, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim, plus interest, costs and attorneys' fees;

2. That if defendant PT Pertalahan Arnebatara Natuna cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, that all assets of defendant up to and including **US $905,103.73** be restrained and attached, including but not limited to cash, funds, escrow funds, credits, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, at or being transferred and/or wired to, from or through:

JPMorgan Chase Bank NA, Citibank NA, American Express Bank Ltd., Bank of America, Bank of New York, Deutsche Bank, HSBC, BNP Paribas, Wachovia Bank NA, ABN Amro, Atlantic Bank of NY, Standard Chartered Bank, Bank of Communications, The Bank of East Asia (USA) NY, Bank of China, Shanghai Commercial Bank Ltd., Bank of Tokyo-Mitsubishi, Bank of India, Barclays Bank, Calyon, Credit Suisse, Rabobank, Wells Fargo Bank, US Bank, UBS, Nordea Bank Finland PLC,

and/or other garnishees upon who a Writ of Maritime Attachment and Garnishment may be served;

3. And for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 30, 2007

                HILL RIVKINS & HAYDEN LLP
                Attorneys for Plaintiff

By: */s/ Christopher M. Panagos/*
    James A. Saville, Jr. (JS-4835)
    Christopher M. Panagos (CP-2199)
    45 Broadway
    New York, New York 10006
    (212) 669-0600

## **VERIFICATION**

I, Christopher M. Panagos, hereby affirm as follows:

1. I am an associate of the firm Hill Rivkins & Hayden LLP, attorneys for plaintiff PT Jawa Tirtamarin. I have prepared and read the foregoing Verified Complaint and know the contents thereof and, the same is true to the best of my knowledge, information and belief.

2. The sources of my knowledge, information and belief are documents provided by our clients and our discussions with them.

3. As plaintiff is a foreign business entity and none of its officers is located in the Southern District of New York, this verification is made by me as counsel of record.

I hereby affirm that the foregoing statements are true and correct.

Dated:  New York, New York
        July 30, 2007

_____
Christopher M. Panagos