HILL RIVKINS & HAYDEN LLP
*Attorneys for Plaintiff*
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0699

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PT JAWA TIRTAMARIN,

        Plaintiff,

vs.

PT PERTALAHAN ARNEBATARA NATUNA,

        Defendant.

Index No.: 07-CV-6839 (HB)

**ATTORNEY DECLARATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

---

      CHRISTOPHER MICHAEL PANAGOS, an attorney duly admitted to practice law before the U.S. District Court Southern District of New York, hereby declares under penalty of perjury pursuant to 28 U.S.C. §1746:

      1.    I am an associate of Hill Rivkins & Hayden LLP, attorneys for Plaintiff, and I make this declaration based upon personal knowledge and documents maintained in our files provided to me by plaintiff. I submit this declaration in support of Plaintiff's Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) and S.D.N.Y. Local Rule 55.2(b).

## **<u>DEFENDANT IS IN DEFAULT</u>**

2.    Plaintiff commenced this action on July 30, 2007, with the filing of a summons and Verified Complaint. This Court's subject matter jurisdiction was predicated on 28 U.S.C. §1333, in that the underlying dispute involved a maritime claim, and 28 U.S.C. §1331, in that the action also arose under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). In addition to seeking the recognition and enforcement of a foreign arbitral award issued in favor of plaintiff, plaintiff also sought the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"). In accordance with Local Rule 55(b)(2), a true and correct copy of the Verified Complaint is attached hereto as Exhibit 1.

3.    Pursuant to Plaintiff's petition, on July 30, 2007, this Honorable Court ordered the Clerk to issue Process of Maritime Attachment and Garnishment ("PMAG") directing the attachment of Defendant's property in the hands of garnishees up to the amount of $905,103.73. (Docket No. 5).

4.    On August 9, 2007, Garnishee Citibank, having been duly served with the Process of Maritime Attachment and Garnishment restrained an Electronic Fund Transfer ("EFT") bearing funds on account of the Defendant in the amount of $85,000.00. Attached as Exhibit 2 is a true and correct copy of the email notification of attachment from Garnishee Citibank on August 9, 2007.

5.    On August 10, 2007, Andrew Brown, an associate at Hill Rivkins & Hayden sent notice of this attachment to the Defendant at its business address in Jakarta, Indonesia via FedEx

courier on August 10, 2007, along with copies of the Summons and Complaint, Order Directing Clerk to Issue Process, and Process of Maritime Attachment and Garnishment. A true and accurate copy of Mr. Brown's August 10, 2007 letter and FedEx delivery confirmation is attached as Exhibit 3.

6.  On October 11, 2007, Garnishee Bank of New York Mellon, having been duly served with Process of Maritime Attachment and Garnishment restrained an EFT bearing funds on account of the Defendant in the amount of $1,090,515.00. Attached as Exhibit 4 is a true and correct copy of wire transfer details received from Garnishee Bank of New York's attorneys. Since this amount plus the amount previously restrained by Garnishee Citibank exceeded the amount Plaintiff was entitled to under the PMAG, I directed the Bank of New York to restrain only $820,103.73.

7.  Consistent with S.D.N.Y. Local Admiralty Rule B.2, I sent via email notice of this attachment to the Defendant's legal officer, Mr. Taufik Karmadi, on October 12, 2007. A true and correct copy of the email printout is attached as Exhibit 5.

8.  The Defendant, a foreign corporation or other entity existing at law, was served with the Summons and Complaint via Federal Express courier issuing from the Clerk's Office on October 16, 2007, pursuant to Fed. R. Civ. P. 4(f)(2)(c)(ii). Defendant was also personal served via hand delivery on November 2, 2007. A true and accurate copy of the Clerk's Certificate of Mailing is attached hereto as Exhibit 6. A true and accurate copy of the FedEx shipment tracking and delivery confirmation available on its website, is attached hereto as Exhibit 7. A true and accurate copy of the

Declaration of Service of Process by hand is attached hereto as Exhibit 8. Attached thereto as Exhibit A is a copy of the "acceptance letter" signed and sealed by a legal officer of the defendant corporation.

9. The time for the Defendant to appear, answer or otherwise defend this action has expired and, therefore the Defendant is now in Default.

10. The Clerk issued a Certificate of Entry of Default on December 6, 2007 (Docket Entry 15), following submission of the Attorney Affidavit pursuant to Local Rule 52.1 (Docket Entry 14) and Letter Request for Entry of Default (Docket Entry 13). True and accurate copies of the Clerk's Certificate of Entry of Default along with email delivery confirmation of the application papers are attached as Exhibit 9.

## PLAINTIFF OBTAINED VALID AND ENFORCEABLE ARBITRATION AWARD AGAINST DEFENDANT IN SINGAPORE

11. Plaintiff and Defendant entered into a time charter party contract, dated October 24, 2005 on the "SUPPLYTIME 89" Uniform Time Charter Party for Offshore Service Vessels form, for the use of the accommodation work barge AWB SARKU SAMUDERA ("the Vessel") at a daily hire rate of US $18,500 for a period of two months, extendable day by day subject to agreement. A true and correct copy of the charter party contract is found at Exhibit 1 to Plaintiff's Verified Complaint which is attached as Exhibit 1 to this declaration.

12. Box 33 of the charter contract provides for "Singapore" law and arbitration and

Clause 31(a) further provides: "The Charter Party shall be governed by Singapore law and any dispute arising out of this Charter shall be referred to arbitration in Singapore."

13. Various disputes arose under the charter party causing Plaintiff to give notice of arbitration on May 11, 2006 before the Singapore International Arbitration Center ("SIAC"). SIAC appointed an arbitrator on August 18, 2006.

14. A certified copy of this award is attached as Exhibit 1 to the Certification of Thomas Y.P. Sim, Singapore counsel representing Plaintiff in the arbitration, dated January 8, 2008 ("Sim Certification"). A true and accurate copy the Sim Certification is attached hereto as Exhibit 10.

15. As set forth in the arbitration award, Defendant was fully apprised of all SIAC proceeds and even retained Singapore counsel who on behalf of Defendant "objected to the arbitration being carried out in Singapore due to an absence of connecting factors." However, at the same time Defendant acknowledged that the charter party contained an agreement which subjected disputes arising thereunder to arbitration in Singapore.

16. Defendant defaulted in the arbitration and a 28 page reasoned award was duly issued against it on July 13, 2007, as SAIC Award No. 18 of 2007.

17. The award granted Plaintiff US $815,548.16 and Rp 26,015,100 and 6% interest thereon from May 11, 2006 as damages against Defendant. The award also granted costs for the

arbitrator's and SAIC's fees in the amount of S $24,967.52, and granted Plaintiff's costs in the arbitration in the amount of S $16,000.00.

WHEREFORE, Plaintiff, through its undersigned counsel, respectfully requests that the Court enter an Order:

(1) Granting Judgment in favor of Plaintiff and against Defendant in the amount prayed for in Plaintiff's Verified Complaint;

(2) Confirming the foreign arbitration award in favor of Plaintiff and against Defendant, and;

(3) Directing that funds attached in the hands of garnishees Citibank and Bank of New York Mellon be turned over to Plaintiff in full satisfaction of Plaintiff's claims.

I certify that the foregoing statements made by me are true. I am aware that if any of the statements are willfully false, I am subject to punishment.

Dated: New York, New York
       January 29, 2008

*Christopher M. Panagos*
Christopher M. Panagos