From:    Christopher M. Panagos
Sent:    Friday, October 12, 2007 5:02 PM
To:      'Taufik Karmadi'
Subject: RE: in regard of PT.JAWA TIRTAMARIN VS P.T. PERTALAHAN ARNEBATARA NATUNA.

Dear Mr. Karmadi:

    Regarding the above matter and further to our previous correspondence, please be advised that on October 11, 2007, a second Electronic Fund Transfer (EFT) bearing funds on behalf of PT Pertalahan Arnebatara Natuna was restrained in the hands of Bank of New York, as garnishee, in the amount of US $820,103.73.  We reiterate that should you seek to vacate this attachment, you must petition the Court.

Very truly yours,
Christopher Panagos

HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006
tel 212-669-0600
fax 212-669-0699/0698

        -----Original Message-----
        **From:** Taufik Karmadi [mailto:taufik@bhm-corp.com]
        **Sent:** Monday, September 03, 2007 3:42 AM
        **To:** Christopher M. Panagos
        **Subject:** Re: in regard of PT.JAWA TIRTAMARIN VS P.T. PERTALAHAN ARNEBATARA NATUNA.

        Dear Mr. PANAGOS, many thankyou for your attention and response in respect of the disputes matter between JTM and PT PAN.
        Taufik Karmadi

        ----- Original Message -----
        **From:** Christopher M. Panagos
        **To:** taufik@bhm-corp.com
        **Sent:** Friday, August 31, 2007 8:48 PM
        **Subject:** FW: in regard of PT.JAWA TIRTAMARIN VS P.T. PERTALAHAN ARNEBATARA NATUNA.

        Dear Sir:

        We acknowledge receipt of your message below.  Regarding its contents, we suggest that you retain New York counsel and note the scheduled court conference date, October 4, 2007 at 2:00 p.m., before Judge Baer.

        Very truly yours,
        Christopher Panagos

        HILL RIVKINS & HAYDEN LLP
        45 Broadway, Suite 1500
        New York, New York 10006
        tel: 212-669-0600
        fax: 212-669-0699/0698

        -----Original Message-----
        **From:** Taufik Karmadi [mailto:taufik@bhm-corp.com]

2 2007

**Sent:** Wednesday, August 29, 2007 1:56 AM
**To:** TheFr Case 1:07-cv-06837-HB    Document 17-8    Filed 01/29/2008    Page 2 of 4
**Subject:** in regard of PT.JAWA TIRTAMARIN VS P.T. PERTALAHAN ARNEBATARA NATUNA.

Jakarta, August 29,2007.

To:
Mr.Christopher M.Panagos
An Associate
HILL RIVKINS & HAYDEN LLP.
45 Broadway, Suite 1500,
New York, NY 10006-3739

Re: Your letter in regard of JTM vs PERTALAHAN case.

Dear Mr. Christopher,

We intend to explain you about the case of P.T. JAWA TIRTA MARIN (JTM).
Pursuant to the Time Charter Party, dated October 24,2005, (hereinafter called the Charter Party),.P.T. PERTALAHAN ARNE BATARA NATUNA (The Charterer) has entered into with P.T. JAWA TIRTA MARIN for the chartered of a vessel named AWB SARKU SAMUDERA, effective as of the said date for the period of firm two calendar months.
In the said Agreement has acknowledged that it the sole and legal owner of the Vessel, but in fact the real owner of the Vessel is another company, not JTM.
On November 1,2005, the Charterer wrote a letter of complain to JTM for the following reasons which cannot be complied by JTM:
A. SLOW PROGRESS OF BUNKERING;
B. INADEQUATE SPACE ON THE VESSEL FOR LOADING WORK EQUIPMENT DUE TO THREE CONTAINERS LEFT ON THE UPPER DECK OF THE VESSEL;
C. A BETTER CRANE OPERATOR BEING REQUIRED AS CRANE OPERATIONS WOULD BE VERY CRITICAL DURING OPERATIONS IN THE NATUNA SEA.

On November 9,2005, the Charterer wrote again a letter of notification regarding JTM's default in action. In the said letter also stated the following:
A. JTM has delayed for up to three calendar days in providing a certified crane operator;
B. As a result, the lifting operation was delayed by three calendar days;
C. JTM has only provided one crane operator, which wasnot sufficient for the project of the Charterer as agreed in the Agreement;
D. Due to the fact that only one crane operator was provided only fifty percent of the works could be accomplished

The Charterer accordingly asked for any and all costs and expenses for fuel and consumables during the delay and associated costs which to be paid by JTM and for the charter hire to be deducted accordingly. The accident has occur on the morning of November 10,2005. The serious damages were done to a third party (Udang platform) during a crane lifting operation. The Charterer has stated that the said accident was due to the negligence of the crane operation of JTM and as a result the Charterer could not continue with the project as planned because triplex pump damaged in the accident needed to be replaced.

On November 15,2005, the Charterer wrote to JTM to confirm the outcome a Meeting held on November 14.2005 between the officials of both parties. The official of JTM has accepted and acknowledged any and all default and the accident involving the consequences thereof. He also stated and acknowledged that JTM was liable to settle the matter concerned within seven calendar days from the date of the abovementioned letter.

Furthermore, officials of both parties have attended a Meeting on November 22,2005 minutes of such

meeting has signed by officials of both parties. This is a crucial document as it states that JTM agrees that the accident was caused by human error of the crane operator. The 'set' of the accident is downtime loss which affected the job sequ3nce and the whole process could come to a complete stop. More importantly point 4 of the Minutes of the Meeting, state that the Charterer will claim all losses directly to JTM and the Charterer also agreed to release the third payment for the vessel when due according to the Agreement or according to the date of the signing of the minutes of the meeting.

On January 18,2006 the Charterer wrote to JTM to claim the amount of US$675,132.95 for various heads of loss arising from the accident. And the Charterer will set-off the difference amount between the outstanding amount of JTM and the downtime losses of the Charterer.

On May 11,2006 the Charterer has received a letter of Engelin The Practice LLC as the solicitor of JTM demanding for outstanding hire charges in the amount of US$ 760,132.81

On June 06, the solicitor of the Charterer, namely Mr. Yan Apul & Rekan, wrote a "Without Prejudice" proposal of amicable settlement to JTM's Solicitor. In brief the content of such letter are:
    a. Clause 12 © of the Agreement states that each party has agreed to indemnify the other against any consequential losses and damages and thus, the losses suffered by the Charterer from the accident should be deducted from the outstanding unpaid hire owed by the Charterer.
    b. In addition to the losses caused by the accident, the Charterer demanded for costs incurred in regard of JTM's failure to carry out its obligations.

Before November 10,2005, the Charterer had previously made complaints to JTM for the time spent waiting for them to provide the certified crane operators. The Charterer waited three calendar days for the Crane Operators and as a resulot, the lifting operation only began on November 6 2005, instead of the scheduled time on November 3, 2005. Hence the Charterer suffered downtime losses for those three calendar days and in addition JTM only provided one crane operator, which was not sufficient for the works. This slowed the lifting operation down and the Charterer claim that only 50% of the work could be done. . Hence the Charterer suffered losses for that period amounting to approximately 1.5. to 2 calendar days downtime loss. Due to the accident on November 10,2005, the Charterer had to suspend seven days activities as the triplex pump needed to be replaced. As a result the Charterer suffered losses for the seven days after the accident occurred..
The Charterer had insufficient space on the vessel because three containers were left on the upper deck of the vessel .
The Charterer had to arrange for the operation of another vessels to pick up the material due to the lack of deck space.

The abovementioned matters are the fact in regard of the chartered vessel by the Charterer . The Charterer having all report in respect of the said accident .

For having its claim against the Charterer, JTM has submit such claim to the Singapore International Arbitration Centre.
The Charterer cannot follow with such arbitration, since the Charterer intend that before going to the arbitrase the disputes may be settled under mutual agreement.

So that the award of the arbitration only taken by the sole arbitrator. and the Charterer is still reserve its right to claim JTM for its failure and action against the laws, especially the laws prevailing in the Republic of Indonesia..

And pursuant to the award of the sole arbitrator amount of the Charterer has been attached in the hands of garnishee Citibank New York .
The aforementioned are not fair for the Charterer since the Charterer having the good faith to settle the disputes between the parties under the amicable settlement and mutual agreement.

Sincerely yours,

2 2007

Taufik Karmadi
Legal Officer of the Charterer.